**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Patrick Driggs, | No. CV-18-03915-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is Defendant Social Security Commissioner's Motion to Transfer Pursuant to Local Rule of Civil Procedure 42.1 or, in the alternative, to Stay All Proceedings Pending Class-Certification Decision in a Related Case (Doc. 20). Defendant argues that transfer is appropriate because Magistrate Judge Bruce G. Macdonald is currently handling a case "raising essentially the same questions of law that Plaintiff" raises here. (Doc. 20 at 1.) *Ely v. Berryhill*, No. 4:18-cv-00557-BGM (D. Ariz.). The *Ely* case before Magistrate Judge Macdonald is awaiting a decision on the *Ely* plaintiffs' motion for class certification and Plaintiff here is a member of the putative class in *Ely*. In the alternative, Defendant argues that the Court should stay this case pending resolution of the *Ely* plaintiffs' motion for class certification, and if that motion is granted, pending resolution of that entire case, including any appeals. (Doc. 20 at 5.) Plaintiff opposes Defendant's motion because he has not consented to adjudication of his case by a magistrate judge. (Docs. 24, 26.) Plaintiff also

states that he will not consent in the future to adjudication of his case by a magistrate judge. (Docs. 24, 26.)

When two or more cases are pending before different judges Local Rule of Civil Procedure 42.1 permits transfer of a case to another judge when the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges. When considering a motion to transfer under Local Rule 42.1, the "principal factor is whether party economy or judicial economy is substantially served by transfer to another judge." *Cagle v. Ryan*, No. CV1603912-PHX-JAT-JFM, 2018 WL 2688775, at *1 (D. Ariz. June 5, 2018) (citation omitted). The Court considers these factors, but "has broad discretion in deciding a motion to transfer under Local Rule 42.1(a)." *Addington v. US Airline Pilots Ass'n*, No. CV-08-01633-PHX-NVW, 2010 WL 4117216, at *1 (D. Ariz. Oct. 19, 2010).

The Court will not transfer Plaintiff's case to Magistrate Judge Macdonald because transfer will "entail substantial duplication of labor" rather than avoid duplicative labor. LRCiv 42.1(a). Plaintiff has unequivocally expressed an unwillingness to have his case adjudicated by a magistrate judge. Plaintiff is within his rights to decline adjudication of his case by a magistrate judge and Plaintiff's consent is required before a magistrate judge may properly exercise jurisdiction over his case. 28 U.S.C. § 636(c)(1); *see Columbia Record Prods. v. Hot Wax Records, Inc.*, 966 F.2d 515, 516 (9th Cir. 1992). Therefore, even if the Court transferred Plaintiff's case, Magistrate Judge Macdonald likely would not hear the case without Plaintiff's consent. Indeed, he could not. Since Plaintiff has expressed that he will not consent to Magistrate Judge Macdonald hearing his case, transfer would effectively send this case to a third judge. Such a result would "entail substantial duplication of labor", which is what LRCiv 42.1(a) seeks to avoid. Thus, the Court will not transfer Plaintiff's case to Magistrate Judge Macdonald.

Similarly, the Court will not stay Plaintiff's case until resolution of the *Ely* plaintiffs' motion for class certification, or until resolution of the entire *Ely* case. A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Staying Plaintiff's case would have little practical effect besides inconveniencing Plaintiff and delaying resolution of his case. Even if a class was certified in the *Ely* case, there is no indication that Plaintiff would join the class since the case would be adjudicated by a magistrate judge and Plaintiff has not consented to magistrate judge jurisdiction. Further, staying Plaintiff's case through the resolution of the *Ely* case, including through resolution of an appeal that is not guaranteed to occur, provides no tangible benefit to the administration of justice in Plaintiff's case or in any other case. For example, the *Ely* case could settle at any moment and render a stay in Plaintiff's case pointless. Accordingly, the Court will not stay Plaintiff's case.

**IT IS THEREFORE ORDERED** denying Defendant's Motion to Transfer Pursuant to Local Rule of Civil Procedure 42.1 or, in the alternative, to Stay All Proceedings Pending Class-Certification Decision in Related Case (Doc. 20).

Dated this 27th day of May, 2020.

Honorable Diane J. Humetewa
United States District Judge